IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 1:20-cr-060-01 |
| v. | **UNITED STATES' RESPONSE TO MOTION FOR RELEASE FROM CUSTODY** |
| DEMETRIUS WILLIE JAYVON GLENN, | |
| Defendant. | |

The United States of America, by Drew H. Wrigley, United States Attorney for

the District of North Dakota, and Rick L. Volk, Assistant United States Attorney, and

submits this Response to the Defendant Demetrius Willie Jayvon Glenn's Motion for

Release From Custody wherein the Defendant asks to be released from detention to

attend substance abuse treatment, initially on an outpatient basis and subsequently in

residential treatment.  The United States opposes this motion, and requests that it be

denied.

On July 16, 2020, a detention hearing was held before Magistrate Judge Clare R.

Hochhalter.  (DCD 61)  The Magistrate Judge heard testimony and proffered facts from

the parties, considered the bail hearing report submitted by the United States Probation

Office, and heard argument of counsel.  At the conclusion of the hearing, the Magistrate

Judge ordered the Defendant to be detained pending further proceedings.  (DCD 61)  The

Magistrate Judge determined there was probable cause that the Defendant had committed

an offense punishable by more than 10 years imprisonment within the Controlled

Substances Act (21 U.S.C. § 801, et. seq.), and therefore, it was presumed that no

condition or combination of conditions would reasonably assure the appearance of the

Defendant as required and the safety of the community, subject to rebuttal by the

Defendant.  See 18 U.S.C. § 3142(e)(3).  The Magistrate Judge determined that the

Defendant had not rebutted that presumption based upon the facts and information before

the Court.  (DCD 61)  That decision was correct, and should be maintained.

The Defendant's current motion demonstrates no material change in

circumstances since that detention hearing warranting modification of the Court's order.

The Defendant simply seeks release to attend treatment.  As the Government argued at

the detention hearing, this is not merely a substance use / abuse issue for this Defendant.

This is a criminal thinking and conduct issue.  During a recent prosecution in Ward

County District Court, the Defendant demonstrated complete disregard for conditions of

release placed on him by that Court.  Among other things, the Defendant (a) failed to

attend drug testing as required on multiple occasions; (b) failed to appear at a pretrial

conference as scheduled before the Court; and, (c) failed to maintain contact with his

attorney, resulting in his attorney moving to withdraw based on the Defendant's failure

to do so.  A warrant for the Defendant's arrest was issued on October 5, 2018, and the

Defendant was not arrested on the same until September 16, 2019, almost an entire year

later.  The Court also heard testimony that the Defendant left North Dakota in violation

of his bond conditions in that case while that warrant was outstanding.  Further, even

after being released after his arrest on the outstanding warrant, the Defendant again

continued to violate his conditions of release by using controlled substances daily, even

after pleading guilty and awaiting sentencing.  The violations did not end until the Defendant was finally incarcerated after being sentenced.

Importantly, the instant offense conduct in this case is alleged to have occurred while the Defendant was released on bond in that Ward County District Court case.  The grand jury has found probable cause to believe such conduct occurred.  Further, the Defendant has a history of similar conduct, having convictions for drug trafficking crimes in both Kentucky and Michigan in 2012.

The Defendant here appears to be simply using the prospect of treatment to avoid detention.  As the Pretrial Services Report indicated, the Defendant had never attended substance abuse treatment prior to his incarceration on the Ward County state sentence.  He Defendant only obtained an evaluation knowing he was subject to an Indictment and while awaiting his appearance in Federal court.  The Defendant has been incarcerated previously.  He has been in the community previously.  The Defendant has had ample opportunity to seek substance abuse treatment and address any underlying addiction issues.  Given this history, the Defendant is not an appropriate candidate for treatment release.

In particular here, the Defendant would not be entering residential treatment directly, but would instead be placed out in the community and asked to attend outpatient treatment until such time as he could be admitted into residential treatment.  There is no specific time period noted before such admission could take place.  At this point, that could be days, weeks, or months.  Given the Defendant's past history, this is entirely insufficient.

3

Nor would substance abuse treatment reduce the alleviate the risk of danger to society or risk of flight.  The Defendant is an extreme risk of non-appearance and danger to the community based on his past conduct.  The Defendant has been engaging in a repetitive pattern of conduct that places others in danger based on the nature and quality of the substance (opiate pills) the Defendant had been distributing in the community.  See 18 U.S.C. §§ 3142(g)(1) & (g)(3)(A) (nature and circumstances of the offense; community ties).  He has failed to follow prior court orders requiring him to participate in drug screening, and to remain in the jurisdiction of the court.  See 18 U.S.C. §§ 3142(g)(3)(A) (past conduct; history relating to drug or alcohol abuse).  He was on conditions of release from another court for a similar offense at the time of the instant offense conduct.  See 18 U.S.C. §§ 3142(g)(3)(B).  The Defendant's assertions that he has not used violence fails to recognize the risk of danger posed by the nature of the substance he is alleged to be distributing.  Each and every time the Defendant distributes an opiate pill to another person, the recipient faces a risk of overdose that could result in a medical emergency, hospitalization or death.  And here, the Defendant is not alleged to have simply distributed a single pill, but large quantities of the same.  And, he has continued to do so despite multiple interventions by courts in multiple states.

4

Based upon the foregoing, the United States respectfully requests this Court deny

the Defendant's motion.

Dated:  August 13, 2020.

                                    DREW H. WRIGLEY
                                    United States Attorney

                    By:     /s/ *Rick L. Volk*
                            RICK L. VOLK
                            Assistant United States Attorney
                            ND Bar ID 04913
                            P.O. Box 699
                            Bismarck, ND  58502-0699
                            (701) 530-2420
                            rick.volk@usdoj.gov
                            Attorney for United States